JAMES L. BAKER, Appellant, v. JOHN SATTERFIELD *et al.*, Respondents.

Kansas City Court of Appeals, February 2, 1891.

1. **Appellate and Trial Practice:** DEMURRER TO EVIDENCE: LAW AND EQUITY. In an action at law, it may be improper to sustain a demurrer to evidence when there is *some* evidence at least tending to support plaintiff's case; but in equity such demurrer is improper, and, when given, it is nothing more than the judgment

Baker v. Satterfield.

of the trial court that the plaintiff had not sustained the allega-
tions of the petition and was not entitled to the relief prayed for,
and it is the duty of the appellate court to examine the record and
evidence and affirm or reverse the judgment as may be proper and
equitable.

2. **Equity:** CREDITOR'S BILL: FRAUDULENT CONVEYANCES: INSUF-
FICIENT EVIDENCE. The facts shown in evidence in relation to two
transfers of real estate are examined by the court, and it is *held*
that they are insufficient to connect the two transactions or to
show fraud, and that plaintiff is not entitled to relief

*Appeal from the Schuyler Circuit Court.* — HON.
ANDREW ELLISON, Judge.

AFFIRMED.

*Edward Higbee,* for appellant.

(1) William C. Satterfield took possession of the
sixty-acre tract in question in 1875, directly after his
first wife got her divorce and judgment for alimony for
the support of herself and their children. He failed to
testify. It is very clear, however, from the testimony
that he took possession as owner, made lasting and
valuable improvements, building a dwelling-house before
he remarried, with the distinct understanding between
him and his father that he was to have a deed to the
land. The evidence is all extorted from reluctant wit-
nesses, but the unequivocal facts in the case show that
he was in equity entitled to a conveyance from his
father, if not indeed the owner by adverse occupancy,
when in 1886 the father voluntarily conveyed the tract to
wife, number two. *Daugherty v. Harsel,* 91 Mo. 161;
*West v. Bundy,* 78 Mo. 407. Equity favors creditors.
Wait's Fraud Con., secs. 24–26. Where there is reason
to suppose collusion, all doubts are solved in favor of
creditors. Sec. 27, p. 50. (2) The value of improve-
ments made by William upon the sixty-acre tract deeded
to his second wife should be subjected to the payment

of the alimony adjudged for the support of William's first wife and two infant children. *Kirby v. Bruns*, 45 Mo. 234; *Pinger v. Leach*, 70 Mo. 42, 43; 2 Story Eq. Juris. [12 Ed.] sec. 1372*b*. (3) The exemptions allowed by the statute are for the benefit of the wife and children. The law does not authorize the husband to withhold exemptions to defeat a judgment in favor of the wife and children for their support even though he may have a second wife. *Daniels v. Morris*, 54 Ia. 369. (4) But a fatal objection to the claim of exemption is that it is not pleaded. If William was entitled to claim the improvements as exempt, he could only do so in his answer; failing to do this is a waiver. *Furlong v. Thomsen*, 19 Mo. App. 354, top p. 368.

*C. G. Fogle*, for respondents.

Fraud is a deduction which an intelligent mind may honestly make from the incidents and circumstances surrounding the case and which appear to be inconsistent with the good faith and rectitude of the actor. And if the conduct of the party and the transaction under consideration reasonably consist as well with integrity and fair dealing the law rather refers the act to the better motive. *Rumbolds v. Parr*, 51 Mo. 592; *Henderson v. Henderson*, 55 Mo. 534; *Ames v. Gilmore*, 59 Mo. 537; *McIlwrath v. Chapman*, 77 Mo. 38; *Young v. Kella*, 94 Mo. 581-587; *Priest v. Way*, 87 Mo. 16-26. Fraud is charged. Actual fraud must be proven, not conjectured. Facts which give rise only to suspicion of its existence do not establish it.

GILL, J.—This is a suit in equity, whereby plaintiff seeks to charge sixty acres of land, the title of which stands in the name of Martha C. Satterfield, wife of defendant William C., with the payment of a judgment held by plaintiff against said William C. Satterfield. The defendants in the action are William C. Satterfield

and Màrtha C., his present wife, and John Satterfield, the father of said William C. At the trial in the circuit court there was a finding for defendants, and a judgment dismissing the bill, and plaintiff brings the case here by appeal.

I. It seems that, in the trial court, after the evidence was all in for both sides, defendants interposed a demurrer to the evidence, which, it is said, the court sustained over the plaintiff's objection.

In the oral argument here plaintiff's counsel spent some time in urging this action by the court as error, insisting that as there was *some evidence*, at least, tending to sustain plaintiff's case, a demurrer should not have been sustained. If this was an ordinary action at law, then there would be some point in this contention. But, since it is a suit in equity, a demurrer to the evidence is improper. Instructions in such a case are entirely immaterial. By declaring then, in this case, after the evidence was adduced, that plaintiff should not recover, we deem it nothing more than in the judgment of the circuit court plaintiff had not sustained the allegation of his petition, and was not entitled to the relief prayed. It is our duty, in cases of this nature, to examine the record and evidence, and determine whether or not the judgment of the lower court was proper, and affirm or reverse, as the case may be.

II. The substantive facts giving rise to this controversy are about as follows: Defendant, William C. Satterfield, was formerly the husband of Sarah D. Satterfield, who secured a divorce from said William C., in April, 1875. In this decree for divorce the court awarded the said Sarah D. the sum of $200 alimony. This alimony was never paid, and in January, 1881, plaintiff Baker bought the said judgment on which, as assignee of the said Sarah D., he recovered a judgment in the Schuyler circuit court, in November 1887, for the amount and interest then running up to $372. Some two or three years after this divorce,

defendant, William C. Satterfield, was married to defend-
ant, Martha C., with whom he has ever since lived as
husband and wife. While William C. and Sarah D. so
lived together, William C. owned a certain eighty acres
of land in Schuyler county. In January, 1874, a deed of
record appears, whereby William C. conveyed this land
to his mother, who then lived in Ohio. The purpose of
this conveyance does not appear. At all events, William
C. and Sarah D., his wife, continued to reside on the
land till the October following (1874), when William
C. joined therein by Sarah D., his wife, conveyed this
same land to Henry D. Satterfield, his brother, the con-
sideration expressed being $500. In December follow-
ing, Henry D. Satterfield moved onto the eighty acres so
purchased from William C., and resided there till 1878,
when for an expressed consideration of $800 he (Henry
D.) conveyed the land to the father, John Satterfield.
Prior to this, however, the mother of William C. quit-
claimed to his purchaser, Henry D. After the separa-
tion of William C. and Sarah, his wife, said William
C. went onto and lived upon the sixty acres in contro-
versy, the title of which was then in his father, defend-
ant John Satterfield. As already stated he (William
C.) soon thereafter married his codefendant, Martha C.,
and they continued to reside on the sixty acres, making
some small improvements in the way of additional fenc-
ing and a house of a single room, etc. The father paid
the taxes on the said sixty acres, but, it seems, charged
William C. no rent, except that it may be that he took
occasionally small amounts of hay or produce from the
place. In the year 1886, the father, John Satterfield,
conveyed this land to Martha C. Satterfield (William
C.'s wife). No consideration passed at the time, and
none is pretended. The father testified it was a gift for
the benefit of Martha C. and her children.

III. Now the theory of plaintiff is, as stated by his
counsel, "that William C. Satterfield conveyed the
eighty acres (in 1874) in expectation of litigation with

his wife—upon a secret understanding that his father would convey to him the sixty-acre tract owned by his father, John Satterfield.'' In other words, it is claimed, that William C. conspired with his father in 1874 to convey the eighty acres he then lived on, and that in consideration thereof the father would subsequently deed the sixty acres to William C., and that the deed from his father to Martha C. in 1886 was in pursuance of that understanding, and William C. had the title put into his wife's name to avoid this debt. We find nothing in this entire record to justify even a *suspicion* of the correctness of this contention. The evidence conclusively shows, that the deed from William C. and Sarah, his wife, to Henry D. Satterfield, October —, 1874, was for the consideration stated—$500, and it is conclusively proved, too, that Sarah, the wife received, in her own hands from Henry D. Satterfield $150 of this purchase price. Henry D. continued to hold this eighty acres and improve it till the year 1878, when he sold it, and for a *bona fide* consideration of $800 conveyed the same to John Satterfield, the father. And I may add here, the evidence quite as satisfactorily establishes that the old man, John Satterfield, in the year 1886 made a gift of the sixty acres to the wife of William C. The conveyance of the eighty-acre tract in 1874 had no connection whatever with the gift twelve years later from John Satterfield to his son's wife and children.

These being the facts (which we think are shown beyond question) the plaintiff has no standing in a court of justice, and we cheerfully affirm the judgment of the circuit court. All concur.