SAMUEL HAAS TRIMMED HAT COMPANY, APPELLANT, v. THE SERVICE ASSOCIATION AND HOME TRUST COMPANY, RESPONDENTS.*

Kansas City Court of Appeals.   June 27, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2603, p. 697, n. 11; section 2706, p. 762, n. 38; Banks and Banking, 7CJ, section 306, p. 630, n. 1; section 402, p. 679, n. 36; Contracts, 13CJ, section 487, p. 528, n. 50; Evidence, 22CJ, section 1459, p. 1098, n. 96; Judgments, 34CJ, section 1221, p. 801, n. 88; Receivers, 34Cyc, p. 189, n. 65; Trial, 38Cyc, p. 1387, n. 64; Trusts, 39Cyc, p. 36, n. 80; p. 58, n. 27; p. 75, n. 10; p. 632, n. 18; Witnesses, 40Cyc, p. 2559, n. 65.

*Leon Greenebaum* for appellant.

*Hall & Hall* for Service Association.

*Marley & Reed* for Home Trust Company.

ARNOLD, J.—This is an action pleaded in equity, seeking to have a statement in a contract entered into between plaintiff and defendant, Service Association, to be a declaration of a voluntary, written express trust; and to have another statement in said alleged contract, as and to be an acceptance of said trusteeship by the defendant, Home Trust Company.

The defendant, the Service Association, was a corporation, and at the time in question, engaged in the business of a sort of collecting agency, selling its service to such persons or corporations having accounts for collection, the charge for such services depending upon the number of accounts to be collected. It appears the service consisted of a system of notices to be sent out by the owners of the accounts and under certain conditions, notices sent out by the Association. If a prospective purchaser of the system had, say 200 accounts, he would buy the system to cover the said 200 accounts, and pay the Service Association the price of that system, and if, after the purchaser had followed the instructions printed on the books of the system, and after he had used the system on the total number of accounts, for which the same was sold, a specified amount was not collected, the Association agreed to pay the purchaser the difference between the amount actually collected and the aggregate amount fixed by the contract.

Defendant, the Home Trust Company, a corporation, had its home office and place of business at Kansas City, Missouri, and was the depository of the Association, in so far as the questions involved herein are concerned.

Plaintiff is a corporation engaged in the millinery business in the city of St. Louis, Missouri, where it operated, owned and controlled some seven subsidiary firms at different locations in said city.

310

On or about September 21, 1923, plaintiff, through its agent and representative, one William Dick, and one E. H. Flood representing the Service Association, signed a contract whereby plaintiff purchased from the Association its system covering 1200 accounts, and in the agreement, the Association agreed to pay plaintiff the difference between the money actually collected and $1600, provided the entire system was used. The testimony in plaintiff's behalf showed that it had used the system on only 162 of the said accounts, and thereupon urged that it had complied with the contract, and brought this action to recover the sum of $1600, no collections having been realized from the use of the system.

The contract upon which the suit is based, as shown by the petition, is as follows:

"Capital $100,000 Fully Paid
"THE SERVICE ASSOCIATION
"Make Checks Payable to The Service Association.
"(System and Service Protection.)
"System and Service will be Furnished
"From Kansas City, Mo.
"(Incorporated)
"Fourth Floor, N. Y. Life Bldg.
"Kansas City, Missouri.

"IN CONSIDERATION
"of the sum of two hundred dollars ($200), paid to The Service Association, this 21st day of September, 1923, membership for a period of one year in said Association is hereby extended to Samuel Haas Trimmed Hat Company, Street, Jefferson & Locust, City, St. Louis, State, Missouri, which entitles said member to the use of One Copyrighted System and Service as Furnished with this membership by the said Association, which guarantees to pay to said member in CASH, 150 days from date of this contract, any difference between the amount actually collected through the use of this SYSTEM and SERVICE and ($1600) SIXTEEN HUNDRED DOLLARS. Said Member hereby agrees to coöperate with the Association and use the System and Service furnished according to instructions on the front page of the System.

"As evidence of Good Faith The Service Association has deposited with the HOME TRUST COMPANY of Kansas City, Mo., a special fund that we have set aside as a reserve to pay same in satisfaction of any claim in accordance with this guarantee.

"THE SERVICE ASSOCIATION, in consideration of this membership, do hereby agree to allow full credit on the unused portion of the System and Service furnished with the membership at the end of one year on renewal of membership in said Association,

"THE SERVICE ASSOCIATION
   "E. L. NEFF, President,
   "E. A. NOEL, Sec'y & Treas.
"MEMBER
   "SAMUEL HAAS TRIMMED HAT COMPANY,
   "By WILLIAM DICK.
"Submitted by E. H. R. FLOOD,<br>"Representative."

From plaintiff's statement of facts we quote the following:

"The 'Certificate of Deposit,' hereinafter called the certificate, copy of which is printed on the document in question, was originally executed by defendant, Home Trust Company, hereinafter called the bank, on August 1, 1923, on a letterhead of the bank, unattached to any contract and delivered to the Association without any restrictions imposed as to its use."

From the last-quoted statement, it seems the certificate of deposit was unattached to the contract between plaintiff and the Association, but was written on a letterhead of the Trust Company, without any instructions as to its use. It appears that at the time the parties signed the printed form, or contract, plaintiff executed two written letters which were delivered to the Association's agent, Flood, and attached to the printed form, as follows:

"Sept. 21, 1923.

"The Service Association,
"Kansas City, Mo.

"It is understood that should any of the claims submitted return unsold stock, no collection fee will be charged.

"Yours very truly,<br>"SAMUEL HAAS TRIMMED HAT CO."

"Sept. 21, 1923.

"The Service Association,
"Kansas City, Mo.
"Gentlemen:—

"Claims on attached contract will be submitted by us as well as the following firms, which are our subsidiaries.

   "Betty Jane Style Shops,
      "Jefferson Avenue, at Locust Blvd.
   "Lily Trimmed Hat Co.,
      "226-28-30 St. Charles St.
   "Columbia Trimmed Hat Co.,
      "400-02-04 No. Jefferson Ave.
   "Banner Trimmed Hat Co.,
      "2325-27-29 Locust Blvd.
   "Crown Millinery Company,
      "N. E. Corner Jefferson & Locust Blvd,

"St. Louis Trimmed Hat Co.,
"Jefferson Ave., Locust & St. Charles.
"Liberty Trimmed Hat Co.,
"S. E. Corner Jefferson & St. Charles.
"SAMUEL HAAS TRIMMED HAT CO.
"WILLIAM DICK."

The certificate of deposit, upon the terms of which, plaintiff bases its action against defendant, the Home Trust Company, is as follows:

"CERTIFICATE OF DEPOSIT

"TO THE MEMBERS:

"Kansas City, Mo., August 1, 1923.

"This is to certify, That The Service Association has on deposit with the Home Trust Company a reserve fund, which is placed in a special account for the purpose of paying any claims in accordance with the above guarantee.

"HOME TRUST COMPANY,
"W. H. BRAMWELL, Vice-President.

"Member's Business ........................................."

In connection with the sale of the service, there were delivered to plaintiff certain books, containing blank notices for use in the application of the system, on the front page of which were printed seven rules to be followed, which, for the purposes of this review, we need not here set out.

The petition charges, as a part of the contract, it was orally agreed between plaintiff and defendant Association, that plaintiff and its subsidiaries should use said system and service on claims totalling not less than $3800 in amount; that plaintiff purchased a membership in the Association, as heretofore stated, for a period of one year, and was thereby entitled to the use of one copyrighted system and service; that, upon information and belief, the said service association did deposit with the defendant, Home Trust Company of Kansas City, Missouri, a reserve fund, which was placed in a special account, for the purpose of paying claims in accordance with the guaranty set forth in the contract; that said deposit was made on or before August 1, 1923, and consisted of a sum of money, the exact amount of which is unknown to the plaintiff, but which, on information and belief, plaintiff alleges to have been sufficient for the purpose of paying any claims in accordance with the said guaranty, not less than $1600.

The petition charges that the Home Trust Company made, executed and issued its certificate of deposit at the time of making said contract, or subsequent thereto, for the purpose of inducing prospective members to purchase a membership therein; that by virtue thereof, the same was a special deposit for the sole purpose of being applied in whole or in part to the satisfaction and payment of any and all

claims which might arise in favor of plaintiff herein under the guaranty in the contract; that said deposit so constituted, became, was and still is a trust fund for the use and benefit of plaintiff, and that defendant, Home Trust Company, by and in accordance with the terms of said certificate of deposit, and as the legal effect thereof, became and still is trustee of said fund, for the use of plaintiff; that plaintiff was induced to enter into said contract with said Service Association by reason of said deposit certificate and trust thereby created, and relied thereon, and that said trust was and is irrevocable, until plaintiff's claim herein is satisfied or defeated. The petition alleges that plaintiff has fully and completely carried out all of the terms, conditions and covenants of said contract by it to be performed, that plaintiff made due demand upon defendants for the payment of $1600, which defendants have failed and refused to pay; that the defendant Association has turned over its offices and the major portion of its equipment to a competitive organization, and has abandoned its sales force, and now operates only a renewal business with present members, allowing said competitive corporation to take said sales force; that the Association retains no tangible assets in any substantial amount except said special deposit with the defendant Home Trust Company, and that unless said deposit of trust funds is sequestered by the court, impressed in favor of plaintiff, and appropriated to the payment of said claim, plaintiff will be irreparably injured; that plaintiff is without adequate remedy at law.

The petition prays for a judgment of $1600, and costs; that defendant, the Home Trust Company, be adjudged and decreed trustee of the said deposit in the sum of $1600; and that the same constitutes a special and specific deposit fund for the payment of plaintiff's judgment herein; that said fund be so impressed with said trust, and sequestered for the payment of such judgment as may be rendered herein for plaintiff; and for such further remedy and relief as to the court may seem proper and fit.

Defendant, the Service Association, in its separate amended answer duly filed, alleges there is no equity in plaintiff's bill, and that plaintiff has a complete and adequate remedy at law; that the trial court is without jurisdiction, for the reason that this is an action for damages for breach of contract, and therefore an action at law, and defendant is entitled to try the issues to a jury, and for the court to try the issues joined, deprives defendant of the trial by jury, and, therefore, in violation of section 28, article 2 of the Constitution of Missouri.

The answer further pleads that on March 24, 1925, in Division 5 of the circuit court of Jackson county, Missouri, in an action therein pending wherein Rose M. Schultz was plaintiff and The Service Association was defendant, the said Division No. 5, then and there having

jurisdiction of the subject-matter of said controversy, and of the persons of plaintiff and defendant, both of said parties appearing, made an order appointing one Ernest D. Wilson receiver, with instructions and order to take charge of all of the assets and properties of defendant Service Association, and that said receiver was required to give a bond in the sum of $10,000, and which said receiver so did; that on demand, the Service Association turned over to said receiver all its money and assets, including the funds remaining in the hands of the defendant Home Trust Company, all of which are now under the jurisdiction and control of said Division No. 5 of the circuit court, and plaintiff herein should assert its rights, if any, in the said receivership in said Division No. 5.

The answer further alleges that the Service Association, through the said receiver, declares that on April 18, 1925, it was by said Division No. 5 of the circuit court ordered that notice by such receiver be given to all persons interested in the Association, relative to such appointment; that all creditors and claimants against the Association be notified to file their claims, accounts and demands, duly verified; that a copy of such notice be published for three consecutive weeks in the Daily Record, a newspaper published in Kansas City, Jackson county, Missouri; that such publication was duly made; that while other claimants did file their demands, the plaintiff herein refused and neglected to so file its demand or claim, pursuant to said published notice, and is therefore precluded from sharing in the assets of said Association. The answer admits it is a corporation as alleged in petition.

The reply to the separate amended answer of the Service Association admits defendant's corporate *status*, and the institution of the suit by Rose M. Schultz against the defendant Association; the order of the trial court therein relative to the disposition of the assets; that pursuant to said order the defendant Home Trust Company did turn over to the receiver all money and assets then in its possession belonging to the defendant Association and denies all other allegations in defendant's said amended answer.

The reply affirmatively charges that on or about March 31, 1925, said receiver filed in Division No. 5 of the circuit court his preliminary report, and therein called the attention of the court to several cases then pending against the Service Association, including the case at bar; alleges that on or about April 1, 1925, said Division No. 5, in the case of Rose M. Schultz v. The Service Association, made the following order:

"It is therefore ordered, adjudged and decreed that Raymond W. Hall of Kansas City, Jackson county, Missouri, be and is hereby appointed as attorney for the receiver with instructions to defend and to handle all litigation now pending against the defendant corporation."

Pursuant to said order said attorney for the receiver filed in this cause an answer and amended answer on behalf of The Service Association, and thereby, if not before, conferred jurisdiction upon this court to try this cause, rather than Division 5 thereof; that this suit was filed against both defendants herein and service had on each long prior to the institution of the receivership proceedings.

By way of further reply, plaintiff states that it is informed and believes, and therefore, alleges the facts to be that the defendant Association, subsequent to making the said deposit with the Home Trust Company, and subsequent to the establishment of the said deposit as a trust fund, drew upon said deposit by check, and otherwise, and that defendant, Home Trust Company, honored and cashed checks drawn upon said trust fund, in violation of its duties as trustee of said fund, and that all, or a major portion, of said $1600 had been, prior to the institution of the aforesaid receivership, misappropriated and spent, in violation of said contract and trust, and that at the time of the institution of said receivership proceedings by said Schultz, and at the time of the demand made upon defendant, Home Trust Company, by the receiver, of all money and assets of the Association then in possession of the Home Trust Company, there remained less than $300, which was turned over to said receiver pursuant to the order of the court; that said receiver never had and does not now have sufficient money or assets belonging to the Association, with which to pay plaintiff's claim as set out in the petition. The prayer of the said reply asks that the defendant Trust Company be required to account to plaintiff for all such trust funds, money and deposits so dissipated, misappropriated or checked out, as if all of said trust fund remained intact.

The amended answer of the Home Trust Company is the same as that of the Service Association, excepting it is therein alleged that this suit is for ''money had and received,'' instead of ''breach of contract,'' as alleged in the answer of the Association.

The reply thereto is the same as to the amended answer of the Association.

Plaintiff introduced in evidence the documents above referred to, and called as a witness one William Dick, plaintiff's agent in the transaction. Whereupon, both defendants objected to the introduction of any evidence in support of the petition, upon the ground that defendants would be entitled to a trial by jury, as provided in section 28, article 2, of the Constitution of Missouri, as the petition clearly showed plaintiff has an adequate remedy at law. The Service Association further objected to the introduction of evidence upon the ground that the cause was properly triable in Division No. 5 of the circuit court. The Home Trust Company further objected upon the ground that plaintiff would have to have its claim liquidated by a

judgment in an action at law, and this is not a liquidated claim. The objections were overruled.

Plaintiff offered to prove a conversation between Mr. Dick, agent for plaintiff, and Mr. Flood, agent for defendant Association, relative to the amount of accounts in dollars and cents, upon which the system and service was to be used, but objections thereto were sustained by the court upon the ground that any conversation would be incompetent in the face of the written instrument, and that if the latter contained no statement as to the amount upon which the system and service was to be used, it could be used on any amount. This ruling is attacked as error.

Plaintiff also offered to show that the deposit with the Trust Company consisted not only of cash but also of bonds and mortgages, but, on objection, this evidence was excluded as being immaterial, because the contract spoke for itself. This ruling also forms a basis for a charge of error on appeal. In this connection plaintiff sought to use a deposition of W. K. Bramwell, Vice-President of the Home Trust Company, who was introduced and sworn as plaintiff's witness, to test his recollection as to what was on the alleged certificate of deposit at the time he signed and delivered it to the Association.. The court refused to admit such evidence as admissions against interest of defendant Trust Company, because plaintiff thereby sought to impeach its own witness.

Plaintiff offered in evidence, as admissions against interest, of the defendant Association, the deposition of C. M. Kidd, of the Membership Department of the Association, taken in the cause before a special commissioner, and the same was excluded.

During the trial, plaintiff offered to prove that it had used the system and service according to the instructions on 162 accounts totaling in excess of $3800, some of these accounts being contracted in the name of plaintiff and some in the names of its subsidiary companies mentioned, which, with the exception of the Crown Millinery Company, were trade names, adopted by plaintiff to increase its volume of business. All evidence as to the use of the system and service on trade name accounts was, on objection, excluded as to the Trust Company, on the ground that the names of those concerns were not in the printed form, at the time it was signed, and would not be binding upon the Trust Company. The evidence, however, showed that the system and service, as used was by plaintiff, and that the subsidiary companies were in fact the Samuel Haas Trimmed Hat Company, which owned all of the accounts upon which the system and service were used.

Testimony in behalf of the plaintiff tended to show performance of the contract relative to the use of the system and service, and that only $30.79 was collected through its use within 150 days. The deposit with the Trust Company, as above indicated, was also shown.

At the conclusion of plaintiff's evidence, defendant Trust Company interposed a demurrer thereto, and the Association filed a motion to dismiss, as follows:

## "MOTION TO DISMISS.

"Now comes defendant, The Service Association, by Ernest Wilson, its receiver, and moves the court to dismiss the plaintiff's bill for the following reasons, to-wit:

"First: It is apparent from the pleadings and the evidence that the plaintiff's remedy, if any he has, is an action at law and not an action in equity.

"Second: For this court to assume equitable jurisdiction as a chancellor, would be to deprive this defendant of its rights to trial by jury in violation of section 28, Article 2 of the Constitution of the State of Missouri.

"Third: This court has no equitable jurisdiction and this defendant has at all times declined to waive the right to a jury trial herein.

"Fourth: It clearly appears that no trust relationship exists between plaintiff and this defendant.

"Fifth: That under pleadings and evidence plaintiff is not entitled to relief in equity.

"Sixth: That the plaintiff has failed to prove any cause of action against this defendant, and under the law and the evidence the plaintiff is not entitled to recover.

"RAYMOND W. HALL,
"ATTORNEY FOR
"THE SERVICE ASSOCIATION."

Both the demurrer and the motion to dismiss were sustained. Timely motions for a new trial and in arrest were overruled and plaintiff has appealed.

The first point demanding attention is the constitutional question raised by both defendants in the answer and preserved thereafter in the trial. This question was first raised at the beginning of the trial and was embraced in the objection of both defendants to the introduction of any evidence, but was overruled. The same point was incorporated in the Association's motion to dismiss at the close of the plaintiff's evidence. And while the court sustained the motion to dismiss, it must be concluded that said ruling was on other ground or grounds stated in the motion, the court having at the beginning of the trial, overruled defendant's objection to the introduction of any evidence on that ground. Without indicating on the part of the court that it had reversed its former ruling on the question, we must conclude that the same remained intact. Moreover, the judgment was for the defendants, and they are, therefore, precluded from urging the point at this time. In this respect, we have a situation similar to

that presented in the case of Ash v. City of Independence, 145 Mo. 120, 124. The court in that case, speaking through MARSHALL, J., held in effect that the judgment being for defendant, thus all questions were resolved in their favor. They are not the appellants. If the judgment had been in favor of the plaintiff and defendants had appealed, a different question would have been presented. It is evident the trial court sustained the demurrer and motion to dismiss on other grounds than that of the constitutional question. It will be unprofitable to pursue the question further.

The only remaining points embraced in the motion of the Association to dismiss the bill, upon which the trial court could have based its ruling are (1) that no trust relationship between plaintiff and defendant was shown to exist, and (2) that plaintiff failed to prove any cause of action against defendant.

In support of the appeal, it is urged that the trial court erred in excluding, as against the Trust Company, all evidence pertaining to the use by plaintiff of the system and service on the accounts of its subsidiary concerns. We think this contention is without merit.

The pleadings and evidence show that the certificate of deposit was executed more than a month prior to the contract pleaded. The contract embraced only plaintiff and not the subsidiary concerns. Evidence, therefore, tending to materially vary the terms of the written instrument, was clearly inadmissible.

It is also insisted the court erred in excluding evidence relating to a conversation between the agents Dick and Flood concerning the accounts in specific amount upon which the system and service were to be used. It seems to be plaintiff's contention that there was ambiguity in the wording of the printed form contract, and by reason thereof the evidence offered was admissible.

We think this position untenable for the reason that the oral conversation, as offered, can be accepted as a construction placed on the same by said agents, and as such, tended to modify the terms of a written instrument. Which, of course, is not proper. This ruling is held to be not in contradiction of Meissner v. Railroad, 211 Mo. 112, 133; Paramore v. Campbell, 245 Mo. 287, 307; St. Louis v. Gas Co., 155 Mo. 1, 19.

It is urged the court erred in dismissing plaintiff's bill at the conclusion of plaintiff's evidence; this, upon the ground it is not the correct practice, in equity, to dismiss the bill before defendant either presents or rests his case. We are not impressed with this position. This question was determined against plaintiff's contention in the latest utterance of the Supreme Court to which our attention has been called, to-wit: Tutenberg et al. v. Hoover et al., 250 S. W. 561, thus:

"This being an equity case, the demurrer to the evidence served no purpose. The judgment dismissing the bill would therefore be

considered as having disposed of the case on its merits. [Troll v. Spencer, 238 Mo. 81, 141 S. W. 855.]''

The court, in that case, further said:

''A demurrer to the evidence being akin to a peremptory instruction or an instruction in the nature of a demurrer comes, we think, within the reason of the foregoing rule. It fills no such office in an equity case that error can be predicated on the mere giving or refusing of it. The court's action stands in the nature of a finding of facts, and the reversible error, if any, lurks in the judgment itself.'' [See, also, Baker v. Satterfield, 43 Mo. App. 594; Leeper v. Bates, 85 Mo. 226; Anthony v. Building Co., 188 Mo. 704.]

It is noted that demurrer to the evidence and motion to dismiss were sustained and plaintiff's bill was dismissed. Under the above rule, this action was an adjudication of the merits. We think we need not pursue the cited authorities further on this point.

Plaintiff predicates error on the ruling of the court, excluding evidence tending to show that the reserve fund mentioned in the printed form consisted in part of first mortgages and government bonds. The objection to this evidence was that it was immaterial to the issues in the case. We think this ruling proper. The words used in the objection could have no other intent than that the objection was based upon the point that in so far as the issues presented were concerned, the evidence offered no proof on the issues, and was, therefore, not a general objection. This ruling was not contradictory of State ex rel. v. Diemer. 255 Mo. 336. Moreover, the general rule, as stated in 39 Cyc. 36, is that a trust may be impressed against money, lands, bonds, or mortgages, or anything of value. There was no error in this respect.

We have already determined against plaintiff's contention, that there was error in refusing to admit the entire depositions of witnesses Kidd and Bramwell, as admissions against interest, as no part thereof had been shown to be admissions against interest by the Trust Company.

This ruling also covers the point of the exclusion of alleged admissions made by counsel for both defendants.

The statement sought to be introduced, it is claimed, constituted facts, upon which, in themselves, jurisdiction in a court of equity is based. We think we need not pursue this question here, as the question of jurisdiction has already been determined.

The only remaining question for consideration is whether by the deposit set out in the pleadings, there was a trust created in behalf of plaintiff as *cestui que trust*.

The Supreme Court in Hile v. Hile, 184 Mo. 675, speaking through Judge GANTT, said:

''An express active trust is one in which, from the express directions of the language creating the trust or from the very nature of

320

the trust itself, the trustee is charged with the performance of active and substantial duties with respect to the control, management and disposition of the trust property for the benefit of the *cestui que trust*.

"Perry on Trust, section 24, defines express trusts as those generally created by instruments that point out directly and expressly the property, person and purposes of the trust.

"No special form of words is necessary to create an express trust. In a word then an express trust is one which defines and limits the uses and purposes to which certain property shall be devoted, and defines the duties of the trustee as to its control, management and disposition." [See, also, Shelton v. Harrison, 167 S. W. 634, 182 Mo. App. 404; Ray v. Hooper, 204 S. W. 30; Martin v. Bank, 227 S. W. 656.]

Under the rule laid down and discussed in the opinions just cited, we must hold that the certificate issued by the defendant Trust Company, must be construed as a statement that a special account had been opened with it, and is not sufficient to create a trust. The situation was admirably stated by this court, in Butcher v. Butler, 134 Mo. App. 69, speaking through JOHNSON, J., thus:

"A general deposit is where the bank is given custody of the money deposited with the intention, express or implied, that the bank is not to be required to return the identical money but only its equivalent. In such cases the legal title to the money passes to the bank and the depositor divested of his title must rely upon the obligation of the bank to repay him.

"In the case of special deposit the bank merely assumes charge and custody of the property without authority to use it and the depositor is entitled to receive back the identical thing deposited. The title remains within the depositor, and if the subject be money, the bank has no right to mingle it with other funds (citing authorities.) In the absence of proof to the contrary, a deposit is presumed to be general and it devolves upon the party who claims it is not, to show that it was received by the bank with the agreement expressed or clearly implied that it should be kept separate from the other funds of the bank and the identical money returned to the depositor."

Under the certificates of deposit in evidence, the conclusion is inevitable that the title remained in the Association, and this is true whether it remained a special deposit or special account (Paul v. Bank, 158 Mo. 300; Moore v. Bank, 154 Mo. App. 516); and being a special deposit, or special account, it was the duty of the Trust Company to honor the checks drawn by the defendant Association, not having lost dominion thereof. [May v. Bank, 291 S. W. 171; Paul v. Draper, 158 Mo. 200.] This rule being true, it must be concluded that the balance of the fund was properly turned over to Receiver Wilson, on order of the court having jurisdiction of the person and *res*.

We must hold, under the authorities, that the trial court did not err in ruling the pleadings and evidence did not establish an express trust. The judgment was for the right party, and is affirmed. *Bland, J.*, concurs in separate opinion; *Trimble, P. J.*, absent.

BLAND, J. (concurring).—Whether the paper headed "Certificate of Deposit" signed by the Home Trust Company was written on a separate piece of paper from the contract between plaintiff and the defendant, "The Service Association, is immaterial. The petition alleges that the contract, upon which this suit is based, consists of an agreement between plaintiff and The Service Association, together with the so-called certificate of deposit. Evidently from the language used in the latter it refers to the former. The former contains a clause reading as follows:

"As evidence of Good Faith The Service Association has deposited with the Home Trust Company a reserve fund, which is placed in a' that we have set aside as a reserve to pay same in satisfaction of any claim in accordance with this guarantee."

The part of the agreement signed by the trust company reads as follows:

## "CERTIFICATE OF DEPOSIT

"To The Members: Kansas City, Mo., August 1, 1923.

"This is to certify, That The Service Association has on deposit with the Home Trust Company of Kansas City, Mo., a special fund SPECIAL account for the purpose of paying any claims in accordance with the above guarantee.

"HOME TRUST COMPANY,

"W. H. BRAMWELL, Vice-President.

"Member's Business ......................................."

It is not clear that the two writings construed together show an intention upon the part of the Service Association to create an express trust in favor of plaintiff and others similarly situated, the trust company holding the "special fund" or the "reserve fund" as trustee. It is well settled that in order for an instrument to create an express trust, it is necessary that it must do so in clear, explicit. definite and unequivocal terms, that the intention to create the trust must be plain. [39 C. J. 58; Skeen v. Marriott, 22 Utah, 73; Knapp v. Publishers, George Knapp & Co., 127 Mo. 53.] I do not think that the writings relied upon to create an express trust in the case at bar measure up to this requirement. The agreement is susceptible to the construction that the Service Association, to evidence its good faith, had set aside a special fund to pay claims that would naturally arise under the contract with persons using its service out of which it, *The Service Association*, would pay such claims. The writing signed by the Trust Company was merely to show prospective users of the service that such a fund had been created by the Service Association.

It does not clearly appear from these writings that the Service Association was not to have control of this fund, and if such control remained in it, the trust company did not become a trustee for plaintiff and persons in a like situation. It is therefore immaterial as to what the fund consisted of, whether of money or property. It follows that plaintiff is not entitled to maintain this suit.

I place my concurrence upon what is said in the concurring opinion alone.